2001 OK CIV APP 60

Michael J. HADLOCK, and 2,473 Others, Plaintiffs/Appellants,

v.

The OKLAHOMA EMPLOYMENT SECURITY COMMISSION, The Board of Review of the Oklahoma Employment Security Commission, and General Motors Corporation, Defendants/Appellees.

No. 93,850.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 22, 2000.

Rehearing Denied Feb. 7, 2001.

Certiorari Denied April 17, 2001.

Steven R. Hickman, Tulsa, Oklahoma, for Appellants.

Edward E. Evans, Oklahoma City, Oklahoma, for Appellee OESC.

John R. Denneny, Oklahoma City, Oklahoma, for Appellee GMC.

## OPINION

HANSEN, Vice–Chief Judge:

¶ 1 Plaintiffs, Michael J. Hadlock and 2,473 others are employees of the General Motors Assembly Plant in Oklahoma City. Due to labor unrest elsewhere in its system, Defendant, General Motors, decided in June 1998, to lay off workers at its Oklahoma City plant. The workers applied for and received unemployment compensation benefits.

¶ 2 In connection with GM settling its labor disputes elsewhere in its system, GM and the union representing the employees, UAW, negotiated for a "one time special payment" pursuant to a Memorandum of Understanding One Time Special Payment, dated July 28, 1998. This special payment called for those laid off in the GM system, including

Plaintiffs, to receive approximately 40 hours' pay. GM complained to Defendant, Oklahoma Employment Security Commission (OESC) that the "one time special payment," which was made in August 1998, should disqualify Plaintiffs from unemployment compensation benefits for the week ending July 4, 1998.

¶ 3 In its Notice of Determination, OESC stated, " Employer information indicates you were paid Independence Week holiday pay for week ending 7–4–98. You received this pay after returning to work and were unaware a payment would be made for this week. Holiday pay is deductible. Therefore, you are overpaid for the week ending 7–4–98."

¶ 4 Plaintiffs appealed the decision to the Appeal Tribunal. They agreed the one time special payment was "wages" as defined by 40 O.S.2000 Supp. § 1–218 but contested whether it was wages with respect to the week ending July 4, 1998. Pursuant to § 1–217, the Appeal Tribunal found Plaintiffs were not unemployed the week ending July 4, 1998 and that the one time special payment was wages pursuant to § 1–218.

¶ 5 Plaintiffs appealed the decision to the Board of Review, which performed no further review, and adopted the decision of the Appeal Tribunal. Plaintiffs then appealed to the district court which in affirming the Board of Review's decision, found, " . . . the decision of the Board of Review is supported by evidence and is not contrary to law." Plaintiffs appeal this decision.

¶ 6 Title 40 O.S.1999 Supp. § 2–610, sets forth the standard of review of decisions by the OESC: " . . . In any proceeding under this section the findings of the Board of Review as to the facts, if supported by evidence, shall be conclusive and the jurisdiction of said court shall be confined to questions of law."

■ ¶ 7 Plaintiffs contend the Board of Review erred as a matter of law because, pursuant to § 1–217, it did not consider whether the wages paid—the one time special payment—were paid with respect to a specific week. We disagree. The Notice of Determination, issued by OESC, referred to the week ending July 4th as the week for which Plaintiffs received the "one time special payment"/wages. Plaintiffs' Document of Appeal to the Appeal Tribunal stated his intent was "to appeal the decision of the Oklahoma Employment Security Commission's Notice of Overpayment for the week ending July 4, 1998, due to employer information of paying Independence Week holiday pay." Additionally, during the Appeal Tribunal hearing, the hearing officer, immediately prior to the taking of any testimony, stated, "Now the issue before this hearing is the determination that the claimant was overpaid benefits in the amount of $225 for the week ending July 4, 1998, due to receipt of holiday pay." Further, in the Appeal Tribunal's Order of Decision, it stated, in part, "[o]n July 28, 1998, the Union signed a one (1) time special agreement in which the employees would be paid holiday pay for the week ending July 5, 1998." The order also stated:

> The claimants received holiday pay for the week ending July 4, 1998. This was paid under the terms of a written agreement and would be considered as wages. Thus, they would be deductible from unemployment benefits. Therefore, the claimants who received un-employment insurance benefits and the holiday pay would be overpaid for the week ending July 4, 1998. . . . The Commissions determination is AFFIRMED. The claimants are disqualified effective week ending July 4, 1998, and overpaid benefits for the week ending July 4, 1998.

¶ 8 The Board of Review properly considered whether the "one time special payment"/wages was made with respect to a specific week, namely, the week ending July 4, 1998.

■ ¶ 9 Next, Plaintiffs argue there was no substantial evidence to support the Board of Review's finding the one time special payment was made with respect to the week ending July 4th, 1998. Again, we disagree. The Board of Review found the one time special payment was made with respect to the week ending July 4th. Whether wages are paid for a specific week is a factual determination. *Carter v. Board of Review Under Oklahoma Employment Security Act,*

1958 OK 73, 323 P.2d 362. The findings of the Board of Review are conclusive.[1] There is evidence to support its finding the one time special payment was made with respect to the week ending July 4, 1998.

¶ 10 AFFIRMED.

¶ 11 ADAMS, J., and JOPLIN, J., concur.

---

1. Plaintiff cites two administrative decisions in New Jersey and Maryland wherein the agencies found special payments were not an award of back pay nor a retroactive payment of any holiday or vacation pay and that no services were performed for the payment; rather it was consideration for ending a labor dispute. This Court does not consider persuasive the decisions of agencies in other states. Moreover, those administrative decisions did not consider the payments as wages. In the instant case, it was stipulated the payments were "wages" as defined by 40 1999 Supp. § 1–218.